Taliaeeeeo, J.
The plaintiffs sue for legal interest on a large amount of what was known as “ city money,” held formerly by them, and which they exchanged for bonds of the city, bearing seven per cent, interest under the provisions of an act of the Legislature, approved February 27, 1869, entitled “An act to enable the City of New Orleans to fund its floating debt and to liquidate its indebtedness.” They aver that they funded the said obligations of the city under the express understanding that in doing so they reserved their right to claim interest on the notes or obligations so held by them, and to have their claim submitted for judicial determination — that this was assented to by the Mayor and the Administrator of Finance. They claim five per cent, interest on the amount of the obligations of the city held by them, from the first of January, 1869, to the second of July, 1870,, the time at which they were funded. They further sue for interest at five per cent, per annum on $52,614 93, amount of warrants of the Controller drawn upon the City Treasurer. The interest claimed on the amount of warrants in like manner funded is for the same period as in the former case — the same reservation being made of the right to claim interest.
The answer is a general denial.
There is in the record a bill of exceptions, taken to the ruling of the court admitting the plaintiffs to file a supplemental petition. The conclusions we have arrived at on the merits of this case render it unnecessary to pass upon the bill of exceptions. '
The case was twice tried in the court below, and each time the judgment rendered was in favor of the plaintiffs. The defendant has appealed. We think the judgment erroneous. We are unable to find any warrant of law that authorizes the plaintiffs to claim interest on the bills issued by the city as currency, and we are equally at a loss to *188 find any that sanctions their claim to interest on the warrants held by them, which, as well as the city notes, they have funded. The statute authorizing the city to fund its debt is entirely silent as to interest in either case. The assent of the Mayor that plaintiffs should receive bonds in lieu of the securities funded at their face value, and reserve for judicial investigation their claim for interest, was not binding on the city, and conferred no right upon the plaintiffs to recover interest. The rights of the plaintiffs seem fixed by the statute. They are authorized to exchange securities that bear no interest for bonds of like amounts that do bear interest. This they have done, and they are precluded from urging any further demands.
It is therefore ordered that the judgment of the district court be annulled and reversed. It is further ordered that there be judgment in favor of the defendant, the plaintiffs paying costs in both courts
Rehearing refused.